UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

06-14094 CIV-MARRA MAGISTRATE JUDGE

DEVINE REAL ESTATE, INC.,

Plaintiff,

CASE NO. ________________

v.

ROBERT J. MOSER and
ROBERT MORGAN,

Defendants.

**NOTICE OF REMOVAL TO FEDERAL COURT**

2006 APR 12 AM 10: 22

TO: UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PLEASE TAKE NOTICE that ROBERT MORGAN, one of the defendants in the above-captioned action, by and through his attorneys, GERAGHTY, DOUGHERTY & EDWARDS, P.A., hereby removes this action to the United States District Court for the Southern District of Florida, in accordance with 28 U.S.C. §§ 1332, 1441 and 1446.

1. On or about March 13, 2006, the above-captioned action was commenced in the Circuit Court of the Nineteenth Judicial Circuit, Indian River County, State of Florida, Case No. 20060166 (CA 09) (the "State Court Action"). Annexed hereto as Exhibit "A" are true and correct copies of the Summons and Complaint. These documents constitute all papers and pleadings served in the State Court Action.

2. Upon information and belief, as of the date of filing this Notice of Removal, Defendant, ROBERT J. MOSER, a citizen of the State of New York, has been served on or about April 7, 2006, with a Summons or Complaint in this matter.

3. Defendant MOSER's counsel, FOWLER WHITE BOGGS BANKER, P.A., has advised this office that Defendant MOSER consents to this removal.

4. The grounds for removal under 28 U.S.C. § 1332 are as follows:

a. Plaintiff is and at the time this action was filed was a Florida corporation with its principal place of business located in Vero Beach, Florida.

b. Defendant MORGAN is and at the time this action was filed a citizen of the State of New York.

c. Defendant MOSER is and at the time this action was filed a citizen of the State of New York.

d. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. This Notice of Removal is being filed within 30 days after receipt through service, by Defendant MORGAN of the Summons and Complaint. As of the date of the filing, no further proceedings have been had in the State Court Action.

6. A copy of this Notice of Removal as well as the attached Notice of Filing of Notice of Removal, will be mailed to Plaintiff's counsel, and will be filed with the Clerk of the Circuit Court of the Nineteenth Judicial Circuit, Indian River County, State of Florida.

WHEREFORE, Defendant MORGAN respectfully requests that this Notice effect the removal of the action frm the Circuit Court of the Nineteenth Judicial Circuit, Indian River County, State of Florida, to the United States District Court for the Southern District of Florida.

DATED this 11th day of April, 2006.

Respectfully submitted,

GERAGHTY DOUGHERTY & EDWARDS PA
Attorneys for Defendant Morgan
Post Office Box 1605
Fort Myers, FL 33902-1605
239-334-9500 PH
239-334-8930 FX

By:____________________________
Patrick E. Geraghty
FBN 114920

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished by regular course of United States Mail to MICHAEL TODD REBUCK, ESQUIRE, Attorney for Plaintiff, Post Office Box 3302, Vero Beach, FL 32969, and C. Joseph Coleman, Esquire, FOWLER WHITE BOGGS BANKER, P.A., Attorneys for Co-Defendant, Post Office Box 1567, Fort Myers, FL 33902, this 11th day of April, 2006.

GERAGHTY DOUGHERTY & EDWARDS PA
Attorneys for Defendant Morgan
Post Office Box 1605
Fort Myers, FL 33902-1605
239-334-9500 PH
239-334-8930 FX

By:____________________________
Patrick E. Geraghty
FBN 114920

IN THE CIRCUIT COURT OF THE
NINETEENTH JUDICIAL CIRCUIT, IN AND
FOR INDIAN RIVER COUNTY, FLORIDA

Devine Real Estate, Inc.
Plaintiffs
-vs-
Robert J. Moser
and Robert Morgan,
Defendants.

CASE NO. 20060166 CA09

ASSIGNED TO ROBERT A. HAWLEY

SUMMONS

TO THE SHERIFF OR PROCESS SERVER:

YOU ARE COMMANDED to serve this summons and a copy of the complaint in this lawsuit on defendant **Robert Morgan,** 7 Chelsea Park, Pittsford ~~**Rochester, NY.**~~ NY 14534

Dated this 13 day of March 2006.

(SEAL)

CLERK OF THE CIRCUIT COURT

J.K. BARTON
As Clerk of the Court

BY J. Buckland
As Deputy Clerk

IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served upon you to file a written response to the attached complaint with the clerk of court. A phone call will not protect you. Your written response, including the case number listed above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response in time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the court you must also mail or take a copy of your response to the Plaintiff/Plaintiff's Attorney listed below.

MICHAEL TODD REBUCK
ATTORNEY FOR PLAINTIFF
Post Office Box 3302
Vero Beach, Florida 32964
(772) 713-7096
(772) 673-0618 facsimile
FL Bar No. 0108049

JAMES DEVINE
DEVINE REAL ESTATE, INC.
Plaintiff

EXHIBIT A

IN THE CIRCUIT COURT OF THE
NINETEENTH JUDICIAL CIRCUIT, IN AND
FOR INDIAN RIVER COUNTY, FLORIDA

Devine Real Estate, Inc.

Plaintiffs

-vs-

CASE NO. 20060166 CA09

ASSIGNED TO ROBERT A. HAWLEY

Robert J. Moser and
Robert Morgan,

Defendant(s).

---

**PETITION/COMPLAINT FOR DAMAGES, BREACH OF CONTRACT, TORTIOUS INTERFERENCE OF CONTRACT**

This is an action in 10 Counts for money damages, relief for breach of contract, bad faith dealing, tortuous interference of contract and other violations under the laws of Florida, as that conduct relates to both defendants named herein.

The plaintiff and the defendants are persons and entities engaged in the real estate business.

## PARTIES

The plaintiff is a real estate broker licensed in the State of Florida and numerous foreign jurisdictions. Plaintiff is a corporation, duly organized in the State of Florida, engaged in business within the State of Florida and other states where it retains licensure, and has a usual place of business at 2470 US Highway 1, Vero Beach, Florida 32960.

Defendant Robert J. Moser is a real estate broker licensed in New York, New Hampshire and Massachusetts. He resides at 9 Crestwood Drive, Queensbury, New York 12804.

Defendant Robert Morgan is a real estate investor, or 'syndicator.' He resides in Rochester, New York.

## PREFACE

Since 1998, Robert J. Moser (hereinafter "Defendant Moser") worked under an exclusive contract as a licensed sales associate in the State of New York for Devine Real Estate, Inc. (hereinafter "Plaintiff"). Approximately 12 to 18 months after starting contractual business with plaintiff, defendant Moser attained a real estate brokerage license in New York. At all times relevant to this cause of action, defendant Moser had the same binding contract with Devine, to whom he owed a fiduciary relationship and loyalty under the

State laws of Florida, New York, and any other state in which the licensed parties conducted business. Said contract specified that Florida law would rule any dispute between the parties.

Robert Morgan's partnership (hereinafter "Defendant Morgan") was a long-time client of plaintiff dating back to at least the mid-1990s. Defendant Morgan purchased numerous properties through Devine Real Estate, Inc., before and during defendant Moser's affiliation with plaintiff. Defendant Morgan has been an investor in the same real estate business as plaintiffs for a significant number of years, purchasing and selling RV parks and mobile home parks, and as such knows the rules, regulations and etiquette inherent in their mutual business.

Defendants Moser and Morgan created a sinister and unspoken alliance during the years that defendant Moser was working for plaintiff. Defendant Moser converted and misappropriated hundreds of thousands of dollars in Plaintiff resources to fund his secret, personal business(es). These activities occurred, fully sanctioned and under the watchful eye of defendant Morgan, who used defendant Morgan's 'insider' position with plaintiff, and to a lesser extent, his presumed skills as a real estate broker, for numerous, inappropriate utilities that benefited his private investments. Morgan encouraged Moser to extract as much information from Plaintiff's business as possible, because he recognized the information they had attained over decades in business was extremely difficult to find anywhere else. Morgan helped himself to a bevy of valuable information through the use of Moser's insider knowledge. Defendants Morgan and Moser acted secretly in concert for many years, while defendant Moser pretended to uphold the fiduciary responsibilities he owed plaintiff. Defendants were unjustly enriched by these activities, while plaintiffs were used and violated, and their brokerage and entrepreneurial businesses suffered as a result of these malignant activities.

## COUNT 1 (CONVERSION)

1. During the years defendant Moser was contractually obligated to plaintiff, he wrote hundreds of checks to himself from plaintiff's business accounts, claiming (without any documented proof whatsoever) expenses for travel, office supplies, etc.
2. Defendant Moser's personal check writing goes well beyond the scope of the contract originally employed by the parties for the benefit of plaintiff's business. Defendant Moser is called to account for hundreds of thousands of dollars in unsubstantiated expenses. Plaintiff is entitled to every dollar misappropriated by Defendant Moser that remains unaccounted for, plus interest, costs, and attorney's fees associated with these monies.

## COUNT 2 (BREACH OF CONTRACT)

3. Plaintiff restates the allegations of Count 1. Defendant Moser's conduct as outlined in Count 1 establishes a breach of contract, and plaintiff is entitled to recoupment and damages for fraudulent expenses Defendant Moser paid to

himself; damages for loss of business opportunities as a result of his ongoing fraudulent conduct, damages for fraud, bad faith, and breach of fiduciary duties under all governing state laws.

## COUNT 3 (BREACH OF CONTRACT, CONVERSION, MISAPPROPRIATION OF PROPRIETARY INFORMATION)

4. On October 10, 2003, Whispering Palms, a property located on U.S. 1 in Sebastian, Florida, was purchased by Evergreen Investments. The owner of Whispering Palms was Wayne Klekamp. Whispering Palms was a listing in Plaintiff's book of business. Defendant Moser brokered this deal. Defendant Moser was paid a $190,000 commission for the purchase and sale of Whispering Palms. Defendant Moser is not a broker licensed in the State of Florida. Defendant Moser accepted a $190,000 commission for property outside his state of licensure, in direct violation of Florida law and New York law. Plaintiff was not paid for this transaction, and was never made aware of the sale, until Plaintiff followed-up with an investigation on the property. Defendant Moser led the principals in this transaction to believe he was working for Plaintiff when this transaction occurred, and was thereby affiliated with Plaintiff's Florida corporation. Defendant Moser was working only for himself, in collusion with Robert Morgan, when this deal closed.

5. Plaintiff is entitled to the commission earned on Whispering Palms, plus interest, costs, attorney's fees, and any additional damages appropriate under Florida law.

## COUNT 4 (BREACH OF CONTRACT, CONVERSION, MISAPPROPRIATION OF PROPRIETARY INFORMATION)

6. In May 2004, North Truro Camping Area, located in North Truro, Massachusetts, was purchased by Mr. Wayne Klekamp. The seller's name was Edgar W. Francis, III, and the purchase price was $5,100,000. North Truro was a listing in Plaintiff's book of business. Defendant Moser brokered this deal. Defendant Moser was paid a brokerage commission for the purchase and sale of North Truro. Defendant Moser misappropriated the proprietary information for this property from Plaintiff and used the information to defraud Plaintiff out of this purchase and sale. Plaintiff was not paid for this transaction and was never made aware the sale actually occurred until well after the closing date, and then only upon Plaintiff's follow-up investigation on the property.

7. Plaintiff is entitled to the commission earned on North Truro, plus interest, costs, attorney's fees, and any additional damages appropriate under Florida law.

## COUNT 5 (BREACH OF CONTRACT, CONVERSION, MISAPPROPRIATION OF PROPRIETARY INFORMATION)

8. In 2004, Cape May Landing, located in Cape May, New Jersey, was purchased by Robert Morgan. Cape May was a listing in Plaintiff's book of business. Defendant Moser brokered this deal. Defendant Moser was paid a brokerage commission for the purchase and sale of Cape May. Defendant Moser misappropriated the proprietary information about this property from Plaintiff and used the information to defraud Plaintiff out of this purchase and sale and business opportunities. Plaintiff was not paid for this transaction, and was never made aware the sale actually occurred until well after the closing date, and then only upon Plaintiff's follow-up investigation on the property.

9. Plaintiff is entitled to the commission earned on Cape May Landing, plus interest, costs, attorney's fees, and any additional damages for lost business opportunities appropriate under Florida law.

**COUNT 6 (BREACH OF CONTRACT, CONVERSION, MISAPPROPRIATION OF PROPRIETARY INFORMATION)**

10. Buena Vista Campground, located in Buena Vista, New Jersey, was purchased by Robert Morgan in November, 2005. The seller's name was John Caselli of Buena Vista Realty, LLC. Buena Vista was a listing in Plaintiff's book of business. Robert Morgan had a prior purchase and sale agreement by and through Plaintiff in 2004, but mysteriously dropped out of the deal. Defendant Moser brokered this deal. Defendant Moser misappropriated the proprietary information about this property from Plaintiff and used the information to defraud Plaintiff out of this purchase and sale and business opportunities. Plaintiff was not paid for this transaction, and was never made aware the sale actually occurred until well after the closing date, and then only upon Plaintiff's follow-up investigation on the property just recently.

11. Plaintiff is entitled to the commission earned on Buena Vista, plus interest, costs, attorney's fees, and any additional damages for lost business opportunities appropriate under Florida law.

**COUNT 7 (BREACH OF CONTRACT, CONVERSION, MISAPPROPRIATION OF PROPRIETARY INFORMATION)**

12. Sandy Beach Family Campground, located at 677 Clement Hill Road, Contoocook, New Hampshire, was purchased by Robert Morgan on March 12, 2004, for $3,100,000. On August 15, 2005, Morgan sold the property for $6,800,000. Sandy Beach was a listing in Plaintiff's book of business. Defendant Moser brokered these deals. Defendant Moser misappropriated the proprietary information about this property from Plaintiff and used the information to defraud Plaintiff out of this purchase and sale and business opportunities. Plaintiff was not paid for this transaction, and was never made aware the sale actually occurred until well after the closing date, and then only upon Plaintiff's follow-up investigation on the property just recently.

13. Plaintiff is entitled to the commission earned on Sandy Beach, plus interest, costs, attorney's fees, and any additional damages for lost business opportunities appropriate under Florida law.

## COUNT 8 (BREACH OF CONTRACT, CONVERSION, MISAPPROPRIATION OF PROPRIETARY INFORMATION)

14. Alpine Lake Camping Resort, located at 78 Heath Road, Corinth, New York, was purchased from ALCR Holdings, and sold to Robert Morgan, Morgan North Park LLC, on January 6, 2004. Alpine was subsequently sold by Morgan for $18,000,000 to MHC Alpine, LLC, in August 2005. Alpine was a listing in Plaintiff's book of business. Barry Haase made the original offer on Alpine through Plaintiff's brokerage firm. Defendant Moser brokered the sale. Defendant Moser misappropriated the proprietary information about this property from Plaintiff and used the information to defraud Plaintiff out of this purchase and sale and business opportunities. Plaintiff was not paid for this transaction, and was never made aware the sale actually occurred until well after the closing date, and then only upon Plaintiff's follow-up investigation on the property just recently.

15. Plaintiff is entitled to the commission earned on Alpine, plus interest, costs, attorney's fees, and any additional damages for lost business opportunities appropriate under Florida law.

## COUNT 9 (BREACH OF CONTRACT, CONVERSION, MISAPPROPRIATION OF PROPRIETARY INFORMATION)

16. Easton Manufactured Home Community, located at 305 Turnpike Street, Easton, MA 02356, was purchased March 6, 2003. The property sold for $2,400,000. Easton was a listing in Plaintiff's book of business. Defendant Moser brokered the sale while under contract with Plaintiff. Robert Morgan admitted giving money to Moser for this sale. Defendant Moser misappropriated the proprietary information about this property from Plaintiff and used the information to defraud Plaintiff out of this purchase and sale and business opportunities. Plaintiff was not paid for this transaction, and was never made aware the sale actually occurred until well after the closing date, and then only upon Plaintiff's follow-up investigation on the property just recently.

17. Plaintiff is entitled to the commission earned on Easton, plus interest, costs, attorney's fees, and any additional damages for lost business opportunities appropriate under Florida law.

## COUNT 10 (TORTIOUS INTERFERENCE OF CONTRACT)

18. Defendant Robert Morgan became intimately affiliated with Defendant Moser during the years that Moser was working at a satellite office in New York, as a representative and broker/associate for Plaintiff. The Defendants secretly formed a corporation in March, 2002. The secrecy and duplicity of this relationship compromised the integrity of Plaintiff's business, and the problems associated with the Morgan-Moser subterfuge became more and more apparent to colleagues in the RV/Mobile Home park business. Moser's duplicitous activities under color of working for Plaintiff, cultivated and manipulated by Morgan, cost the Plaintiff millions of dollars in current and future revenues. Defendants intentionally and egregiously cultivated a plan to undermine Plaintiff's business, interfering with Plaintiff's New York office and the contract between Plaintiff and Defendant Moser. Morgan directly benefited from the Moser deception as alleged in Counts 1 through 9. Morgan boasted in 2003, "[Moser] works with me now."

WHEREFORE THE PLAINTIFF DEMANDS:

1. A MONETARY JUDGMENT AGAINST ROBERT J. MOSER, INCLUDING MULTIPLE DAMAGES, COSTS, INTEREST AND ATTORNEY'S FEES UNDER COUNTS 1 THROUGH 10 HEREIN.

2. A MONETARY JUDGMENT AGAINST ROBERT MORGAN FOR TORTIOUS INTERFERENCE OF CONTRACT, BAD FAITH DEALING, INCLUDING A BEVY OF DAMAGES, COSTS, INTEREST AND ATTORNEY'S FEES UNDER COUNTS 1 THROUGH 10 HEREIN.

3. A MONETARY JUDGMENT AGAINST BOTH DEFENDANTS FOR LOST BUSINESS OPPORTUNITIES AS A RESULT OF BREACH OF CONTRACT, BAD FAITH DEALING, DAMAGES, COSTS, INTEREST AND ATTORNEY'S FEES UNDER COUNTS 1 THROUGH 10 HEREIN.

4. A JUDGMENT AGAINST BOTH DEFENDANTS TRIPLE DAMAGES FOR UNFAIR DEALING, EGREGIOUS AND DUPLICITOUS ACTS, VIOLATION OF REAL ESTATE LAWS OF FLORIDA, NEW YORK, AND OTHER STATES, ALONG WITH APPROPRIATE FEES AND COSTS AS CALLED FOR UNDER THE LAWS OF FLORIDA.

5. SUCH FURTHER RELIEF THAT THIS COURT DEEMS JUST.

PLAINTIFF DEMANDS A JURY TRIAL AS TO ALL ISSUES SO TRIABLE.

MICHAEL TODD REBUCK
ATTORNEY FOR PLAINTIFF
Post Office Box 3302
Vero Beach, Florida 32964
(772) 713-7096
(772) 673-0618 facsimile
FL Bar No. 0108049

JAMES DEVINE
DEVINE REAL ESTATE, INC.
Plaintiff

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**

DEVINE REAL ESTATE INC

06-14094 CIV-MARRA

(b) County of Residence of First Listed Plaintiff Indian River (EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

Michael Todd Rebuck FBN 0108049
P O Box 3302, Vero Beach, FL 32964
772-713-7096 PH / 772-673-0618 FX

**DEFENDANTS**

ROBERT J. MOSER and ROBERT MORGAN

MAGISTRATE JUDGE LYNCH

County of Residence of First Listed Defendant (IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

06CV14094-Marra/Lynch

Attorneys (If Known)

Defendant Moser, C. Joseph Coleman, P O Box 1567, Ft.Myers, FL 33902, PH 239-334-7892; Defendant Morgan, Patrick E. Geraghty,

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☑ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☑ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

FILED 2006 APR 11

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☒ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding ☑ 2 Removed from State Court ☐ 3 Re-filed- (see VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page): a) Re-filed Case ☐ YES ☐ NO b) Related Cases ☐ YES ☐ NO
JUDGE DOCKET NUMBER

**VII. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

28 USC Sections 1332, 1441 and 1446; breach of contract, conversion, tortious interference

LENGTH OF TRIAL via unk days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $ CHECK YES only if demanded in complaint: JURY DEMAND: ☑ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

SIGNATURE OF ATTORNEY OF RECORD DATE 4/11/06

**FOR OFFICE USE ONLY**

AMOUNT RECEIPT # IFP

721886 $350.00

JS 44 Reverse (Rev. 11/05)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

(d) Choose one County where Action Arose.

**II.** **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Refiled Copy of Order of Dismissal. (3)

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**VII.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VIII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature**. Date and sign the civil cover sheet.